UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RECARDO BELTRAN,

                      Petitioner,

     v.

RENEE BAKER, et al.,

                     Respondents.

Case No. 3:13-cv-00048-MMD-WGC

ORDER

Ricardo Beltran submitted (1) a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (dkt. no. 1-1), and (2) a motion for appointment of counsel (dkt. no. 2-1).  He has paid the filing fee (dkt no. 4). The petition shall be served upon respondents. Respondents will not be required to answer the petition at this time, because it appears the petition was submitted outside of the time period allocated by the applicable statute of limitations.  The petition is likely subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year limitation runs from either (1) the date upon which a petitioner's judgment becomes final, by conclusion of direct review, or (2) the date petitioner's ability to seek direct review expires.  28 U.S.C. § 2244(d)(1)(A).  A properly filed petition for state post-conviction relief can toll the period of limitations.  28 U.S.C. § 2244(d)(2).

According to the habeas petition, petitioner was convicted on December 12, 2005.  Petitioner's direct appeal became final on January 13, 2006.  Petitioner filed a state habeas corpus action on February 4, 2008, and review of that petition concluded on April 23, 2008.

Following conviction on December 12, 2005, the time period for filing a federal habeas petition was tolled until April 13, 2006, when the ninety-day time for seeking review from the United States Supreme Court expired. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (explaining that the "time for seeking direct review" under 28 U.S.C. § 2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition).  The time period between the conclusion of petitioner's direct appeal (April 13, 2006), and petitioner's filing of the state habeas corpus action (February 4, 2008), or 662 days, was not tolled.  The time period between petitioner's filing of the state habeas corpus petition (February 4, 2008) and the state court's conclusion of its review of the petition (April 23, 2008) would have been tolled had the limitations period not already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.2000) ("A state-court petition [ ] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.

The instant federal habeas action was received by this Court on January 30, 2013.[1] The petition was filed six years beyond the one-year period permitted by the statute.

---

[1]Inexplicably, the habeas petition indicates that the petition was mailed on February 1, 2008.  *See* petition (dkt.  no. 1-1), p. 1, item 5.  However, Petitioner's signature is dated January 28, 2013.  The date of the signature is the date the Court will use to calculate the filing time according to the prison mailbox rule.  **Error! Main Document Only.***See, e.g.*, *Campbell v. Henry*, 614 F.3d 1056, 1058–59 (9th Cir.2010); *Ramirez v. Yates*, 571 F.3d 993, 996 n.1 (9th Cir.2009) (applying the prison mailbox rule specifically to the dates of pendency of a Nevada state petition in order to determine the amount of time tolled for purposes of federal law under § 2244(d)(2)); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir.2002); *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir.2001).

Petitioner may be entitled to equitable tolling of the one-year limitation period if he can establish that he diligently pursued his rights and that some extraordinary circumstance made it impossible to file a timely petition. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds* by *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either he filed the instant petition within the one-year statute of limitations, or that he is entitled to equitable tolling of the one-year time limitation.

The Motion for Appointment of Counsel (dkt. no. 1-2) shall be considered after petitioner responds to this order.

IT IS THEREFORE ORDERED that the Clerk shall file and electronically serve a copy of the petition for writ of habeas corpus (and a copy of this order) upon respondents.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the entry of this Order to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period.  If petitioner is unable to demonstrate that he filed the petition for writ of habeas corpus within the limitations period, the Court will enter an order dismissing the petition.

DATED THIS 18th day of June 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE