UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RECARDO BELTRAN,<br><br>         Petitioner,<br> v.<br>RENEE BAKER, et al.,<br><br>         Respondents. | Case No. 3:13-cv-00048-MMD-WGC<br><br>ORDER |

  Ricardo Beltran submitted (1) a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 1-1), and (2) a motion for appointment of counsel (dkt. no. 2-1). The Court denied the motion for counsel and directed petitioner to show why his petition should not be dismissed as untimely. (Dkt. no. 6.) Petitioner has filed his response to the Court's order in Spanish. (Dkt. no. 8.) Based on this response, the Court will revisit petitioner's request for counsel, which was denied because it appeared that petitioner had the competent assistance of another inmate.

  The preliminary issue is whether or not the petition has been filed within the one-year limitations period imposed by the AEDPA, 28 U.S.C. § 2244(d), or whether petitioner is entitled to tolling of that period.  In *Mendoza v. Carey*, the Ninth Circuit Court of Appeals remanded the case to the district court to allow the petitioner an opportunity to develop facts to substantiate his claim that his language barrier presented an extraordinary circumstance that would warrant equitable tolling of the statute of limitations. 449 F.3d 1065, 1069 (9th Cir. 2006.)

  The logic of *Mendoza* suggests that it is appropriate to allow petitioner the assistance of Spanish-speaking counsel or counsel with a translator in order to explain whether equitable tolling applies here. If petitioner argues that his petition is

untimely because of his inability to speak or understand English, *Mendoza* clearly requires that petitioner "must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Id.* at 1070.

Therefore, the Federal Public Defender for the District of Nevada (FPD) shall be appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order appointing such alternate counsel. In either case, counsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw.

IT IS THEREFORE ORDERED that petitioner's Response to Order to Show Cause (dkt. no. 9), which the Court construes as a renewed request for counsel, is GRANTED. The Federal Public Defender is appointed to represent petitioner.

IT IS FURTHER ORDERED that the Clerk shall electronically serve the Federal Public Defender for the District of Nevada (FPD) a copy of this Order, together with a copy of the petition for writ of habeas corpus (dkt. no. 7) and copy of petitioner's Response (dkt. no. 9). The FPD shall have thirty (30) days from the date of entry of this Order to file a notice of appearance or to indicate to the Court its inability to represent petitioner in these proceedings.

IT IS FURTHER ORDERED that, after counsel has appeared for petitioner in this case, petitioner will have sixty (60) days to show why the petition is not untimely or is entitled to tolling of the statute of limitations. Thereafter, respondents shall have twenty-eight (28) days to respond and petitioner shall have fourteen (14) days to reply.

DATED THIS 16th day of July 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE