UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICARDO BELTRAN,<br><br>                Petitioner,<br>    v.<br>RENE BAKER, *et al.*,<br><br>                Respondents. | Case No. 3:13-cv-00048-MMD-WGC<br><br>ORDER |

This closed counseled habeas matter comes before the Court on Petitioner's motion for leave to file late notice of appeal (ECF No. 35).

On November 13, 2017, the Court issued an order dismissing this action as untimely, and judgment was entered accordingly. (ECF Nos. 32 & 33.) On June 27, 2018, more than seven months after entry of judgment and more than six months after the time for filing a notice of appeal expired, Petitioner filed a motion for leave to file a late notice of appeal.

Under Rule of the Federal Rules of Appellate Procedure 4(a), a district court may extend the time for filing a notice of appeal or reopen the time for filing a notice of appeal under certain circumstances. The court may extend the time for filing a notice of appeal if the party moves for such relief within thirty days after the expiration of the time for appealing. Fed. R. App. P. 4(a)(5). Because Petitioner filed his motion well more than thirty days after the expiration of the time for appealing, the Court cannot grant relief pursuant to Rule 4(a)(5).

///

Under Rule 4(a)(6), "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

The Court's docket reflects that notice of the order and judgment was sent electronically to Petitioner's counsel on the date they were entered. In fact, counsel does not argue that he only just received notice of the order and judgment. Rather, counsel asserts that his office inadvertently failed to calendar the appeal deadline, implicitly conceding that he and his office received notice of the Court's order and judgment at or around the time they were entered. As such, Petitioner cannot meet the first requirement of Rule 4(a)(6) – that he did not receive notice within 21 days after entry of judgment. Nor can Petitioner meet the second requirement of Rule 4(a)(6) – that the motion to reopen be filed within 180 days after the judgment or order is entered. Petitioner's motion was filed more than 220 days after entry of the Court's order and judgment. The Court is therefore unable to grant Petitioner relief under Rule 4(a)(6). Petitioner identifies no other basis for granting his requested relief.

It is therefore ordered that Petitioner's motion for leave to file a late notice of appeal (ECF No. 35) must be and hereby is denied.

DATED THIS 29th day of June 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE