UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICARDO BELTRAN,<br><br>                Petitioner,<br>v.<br><br>RENE BAKER, *et al.*,<br><br>                Respondents. | Case No. 3:13-cv-00048-MMD-WGC<br><br>ORDER |

This closed habeas matter comes before the Court on Petitioner's *pro se* motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).[1] (ECF No. 37.) Respondents have opposed (ECF No. 40). Petitioner has not replied, and the time for doing so has expired.

On November 13, 2017, the Court issued an order dismissing this action as untimely, and judgment was accordingly entered. (ECF Nos. 32, 33.) On June 27, 2018, more than seven months after entry of judgment and more than six months after the time for filing a notice of appeal expired, Petitioner moved for leave to file a late notice of appeal. The Court denied the motion on June 29, 2018. (ECF No. 36.)

///

---

[1] Petitioner is represented but was advised by counsel to file the instant motion *pro se*, presumably in order to assert a claim under Rule 60(b)(6) based on abandonment of counsel. (ECF No. 37 at 12.) No motion to withdraw from representation has been filed by counsel or Petitioner, who in fact asks the Court to reappoint counsel for the purposes of any appeals. The Court will consider Petitioner's *pro se* motion as one authorized by appointed counsel and will not either strike the document as fugitive or order counsel to be withdrawn from this case. Counsel will therefore continue to represent the Petitioner herein.

On July 10, 2018, Petitioner filed the instant Rule 60(b) motion, along with a notice of appeal. (ECF Nos. 37, 38.) By way of his motion, Petitioner asks the Court to reinstate his right to appeal the dismissal order of November 13, 2017.[2]

A petitioner may seek relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b) under a limited set of circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Under Rule 60(b), the court may relieve a party from a final judgment, order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"Rule 60(b) permits the district court to vacate and reenter judgment to restore the right to appeal in limited circumstances" and its relief that may be granted only "sparingly." *Washington v. Ryan*, 833 F.3d 1087, 1091, 1094 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 1581 (2017). The Ninth Circuit has explained that Rule 60(b) can be applied in this manner only in a "narrow band of cases." *Id.* While Petitioner relies on Rule 60(b)(6) for his motion, Rule 60(b)(1) is also a potentially applicable provision under the circumstances of this case. *See id.* 1097. The Court therefore considers Petitioner's motion under both sections.

///

---

[2]Respondents quibble over the way Petitioner has framed his motion – asking for relief from the Court's order denying his motion for leave to file a late appeal instead of relief from the judgment itself and failing to ask for the specific action that would provide him relief (the vacating and reentry of judgment to reinstate the right to appeal). The Court is not persuaded by these arguments as it is clear what relief Petitioner seeks.

2

Under Rule 60(b)(1), the Court may grant relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." "'[E]xcusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). It "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. The determination of "what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395.

The Court must consider four factors to determine whether neglect was excusable: (1) the danger of prejudice to the non-moving party; (2) the length of the filing delay and its potential impact on the proceedings; (3) the reason for the filing delay; and (4) whether the moving party acted in good faith. *Id.*; *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). The Court additionally considers "all relevant circumstances, which in this context include "the stakes at issue." *Washington v. Ryan*, 833 F.3d at 1098. In addition, a party must demonstrate diligence "before invoking Rule 60(b)(1) for the purpose of restoring the opportunity to appeal." *Id.* (citing *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983)).

At the outset, the Court notes that although Respondents recognized that a more appropriate basis for Petitioner's motion would be Rule 60(b)(1), they do not address the factors under that rule. The Court presumes that because Respondents recognized the applicability of Rule 60(b)(1), they would have argued prejudice if prejudice were an issue. Accordingly, the Court is satisfied that Respondents would not suffer any prejudice were the Court to grant Petitioner's Rule 60(b) motion. That factor therefore weighs in favor of finding excusable neglect. The length of the filing delay in this case— nearly eight months—is significant in the context of this case overall, which was pending for three-and-a-half years before it was dismissed. This factor therefore weighs against finding excusable neglect. The reason for the filing delay is that Petitioner's appeal deadline was never calendared nor was the Court's order dismissing his case forwarded to Petitioner

because none of the calendaring mechanisms in place—which are to be completed by a legal assistant—occurred in this case. (ECF No. 35-1.) This explains the failure to file a timely appeal. The failure to realize the omission in time to move for relief under Fed. R. App. P. 4(a) was caused by both this fact and by the additional fact that neither counsel nor Petitioner followed up on the status of Petitioner's case for a period of more than seven months. The reason for the significant filing delay is, thus, not particularly compelling, and weighs against a finding of excusable neglect. As to the fourth factor, there is no indication that Petitioner or his counsel have acted in bad faith. That factor therefore weighs in favor of finding excusable neglect.

As is evident, the *Pioneer* factors do not clearly dictate the result as they are fairly evenly weighted. However, considering additionally whether Petitioner has demonstrated diligence and the issues at stake, it is clear that the Court cannot grant relief in this case.

Petitioner has failed to demonstrate that he or his counsel were diligent with respect to his appeal. Even if counsel's failure to calendar Petitioner's appeal, or to serve Petitioner with a copy of the Court's dismissal order, was otherwise excusable, the Court cannot find diligence where counsel and Petitioner both failed to monitor the status of the case for more than seven months. As to the stakes, it is true that Petitioner will lose his opportunity to further pursue his habeas petition if he is not afforded an opportunity to appeal the Court's dismissal order. However, although Petitioner is serving a life sentence, he has the possibility of parole after twenty years – just six years from now. The stakes in this case are not therefore "extraordinarily high." *See Washington*, 833 F.3d at 1098 (finding the stakes "extraordinarily high" where the Petitioner was facing a death sentence). In sum, keeping in mind the Ninth Circuit's admonition that Rule 60(b) relief is to be granted only in a "narrow band of cases," the Court cannot conclude that Petitioner's case falls within that narrow band.

Nor are there "extraordinary circumstances" in this case justifying relief under Rule 60(b)(6). *See Pioneer*, 507 U.S. at 393 (holding that Rule 60(b)(6) and Rule 60(b)(1) are mutually exclusive and that in order to qualify for relief under Rule 60(b)(6), the party must

show extraordinary circumstances suggesting that the party is faultless in the delay). "An attorney's actions are typically chargeable to his or her client and do not ordinarily constitute extraordinary circumstances warranting relief from judgment under Rule 60(b)(6)." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). While there is an exception to this rule where an attorney's actions are so negligent as to constitute gross negligence, or where the attorney effectively abandons his or her client, *see id.*; *Washington*, 833 F.3d at 1094, nothing in this case justifies a finding either occurred here. The fact that counsel quickly attempted to remedy his error as soon as it was discovered and provided Petitioner with all avenues available to pursue relief, demonstrably shows that counsel did not abandon Petitioner. Further, counsel was not grossly negligent in failing to calendar Petitioner's appeal deadline and to monitor the status of the case for more than seven months. The case is wholly distinguishable from those cases in which the Ninth Circuit found an attorney's conduct grossly negligent. Those cases involved multiple failures to meet deadlines, attend hearings, and confer with the client despite court orders requiring the same. *See Lal*, 610 F.3d at 524–26. Here, Petitioner's case fell through the cracks. While lamentable, it is not in this Court's opinion grossly negligent in the overall context of this case, where counsel has otherwise been extremely diligent. Petitioner identifies no other external extraordinary circumstances that justify relief under Rule 60(b)(6).

Accordingly, as there is no basis for relief under Federal Rule of Civil Procedure 60(b)(1) or 60(b)(6), it is therefore ordered that the Petitioner's motion for relief under Rule 60(b) (ECF No. 37) will be and hereby is denied.

It is further ordered that the Court will grant Petitioner a certificate of appealability with respect to its decision to deny Rule 60(b) relief, as jurists of reason could find the Court's decision to be debatable. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

///

///

///

DATED THIS 17th day of September 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE